**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Eddie CARR, Defendant-Appellant.**

**No. 11251.**

United States Court of Appeals.
Seventh Circuit.

Feb. 23, 1955.

Alvin A. Turner, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Edward J. Calihan, Jr., and John Peter Lulinski, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellee.

Before MAJOR, LINDLEY and SWAIM, Circuit Judges.

MAJOR, Circuit Judge.

A twelve-count indictment charging numerous violations of the Federal Narcotics Act was returned against George Peara and Joseph Panno, in which the appellant, Eddie Carr (sometimes referred to as the defendant), was joined in counts 1, 2 and 3. Prior to trial, count 1 was dismissed by the government as to Eddie Carr. Count 2 charged a violation of § 2554(a), Title 26 U.S.C.A., and count 3, a violation of § 174, Title 21 U.S.C.A. Carr was tried by a jury, acquitted on count 2, but found guilty on count 3. From a judgment predicated upon this finding of guilt Carr appeals.

Defendant raises and argues only two issues as grounds for reversal: (1) the trial court erred in its denial of defendant's motion for acquittal on the basis that defendant was entrapped by government officials into committing the act charged, and (2) the court committed prejudicial error by the admission of a certain telephone conversation had with the defendant. The issue of entrapment was submitted to the jury by an appropriate instruction and obviously was decided adversely to defendant.

Thus, to sustain defendant's contention here, a holding would be required that the defense of entrapment was established as a matter of law and that the trial court for this reason erred in its refusal to dismiss the government's case. In view of the posture of the question as presented here, in connection with the cases upon which defendant relies, we think there is no reason to set forth the evidence relating to this issue and relied upon by the respective parties. Even though we assume that defendant's evidence tended to establish the elements or factors usually pointed out by the courts as constituting entrapment, yet by those same cases it has been held to be an issue which should be submitted to the jury.

The three principal cases relied upon by defendant are Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413; United States v. Becker, 2 Cir., 62 F.2d 1007; O'Brien v. United States, 7 Cir., 51 F.2d 674. In the Sorrells case, the defendant relied upon the defense of entrapment. The trial court refused to rule "as a matter of law" that there was entrapment and also refused to submit that issue to the jury. The court of appeals, 4 Cir., 57 F.2d 973 affirmed, but the Supreme Court reversed. A reading of the facts in that case shows that they were more favor-

able to the defendant on the issue of entrapment than those in the instant case. Even so, the Supreme Court in reversing did not hold that the defense was established as a matter of law but only that the defendant was entitled to have the issue submitted to a jury. It concluded its opinion by stating, 287 U.S. at page 452, 53 S.Ct. at page 216:

"We are of the opinion that upon the evidence produced in the instant case the defense of entrapment was available and that the trial court was in error in holding that as a matter of law there was no entrapment and in refusing to submit the issue to the jury."

In the Becker case, the defense of entrapment was relied upon. It appears that the trial court submitted the issue to the jury, after a denial of defendant's motion for a directed verdict, on the ground that the defense had been established as a matter of law. The court affirmed the conviction, holding that the defendant was entitled only to have the issue submitted to the jury, not to a directed verdict.

In the O'Brien case (a decision by this court), a number of defendants charged with conspiracy to violate the prohibition law relied upon the defense of entrapment. The trial court submitted the issue of entrapment to the jury. This court held that the defense of entrapment was established as a matter of law. In doing so, however, we distinguished between a charge of conspiracy and a charge of a substantive offense, and stated 51 F.2d at page 680:

"Had this case been one for the prosecution of the substantive offense, the evidence, meager as it was, perhaps presented a jury question on the issue of inducement by the prohibition agents. Such questions, like other questions of fact are, under the authorities cited, for the jury to determine."

It is thus shown that none of these cases hold as a matter of law that the case should have been dismissed because of the defense of entrapment but only that the defendant was entitled to have the issue submitted to a jury. (The O'Brien case, as noted, is really not an exception because the defendants were charged with conspiracy and not a substantive violation.) Thus, these cases do not support the contention that the defendant was entitled to a dismissal as a matter of law. They hold no more than that the defendant in the respective cases was entitled to have the issue submitted to the jury.

In the instant case, the court submitted the issue to the jury with an instruction which we think was as fair to the defendant as could have been expected. In any event, no objection or exception was taken to the instruction as given. The record contains the argument made by the respective counsel to the jury and shows that defendant's counsel ably and with some logic argued the defense of entrapment. The jury, by its verdict, however, decided that issue in favor of the government. We do not mean to hold or indicate that the defense of entrapment could never be shown as a matter of law, but certainly under the cases it usually raises only an issue to be determined by the trier of the facts.

There is no merit in defendant's contention that a telephone conversation, testified to by agent Palma, was improperly admitted. The conversation in question resulted from a call by Palma to Carr at 11:30 a. m., July 9, 1953. Previously, Palma had had personal contacts with defendant and on the day before, defendant wrote his name and telephone number on a piece of paper and gave it to Palma, with the suggestion that defendant be called the next morning. Palma called the telephone number written on the piece of paper by the defendant, at the time suggested by him, and a person answered who represented himself as defendant. Shortly thereafter and pursuant to the arrangement made in the telephone conversation, Palma met Carr. We think that these circumstances, without more,

would have justified the admission of the telephone conversation. Moreover, Palma testified that in the telephone conversation he recognized the voice as that of Carr with whom he had talked personally on the previous day, and this although he admitted that he had not previously talked with Carr over the telephone. The recitation of these circumstances so clearly shows the admissibility of this telephone conversation that we find no occasion to discuss the cases which defendant calls to our attention.

The judgment is

Affirmed.