**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Gilbert GLASS, Defendant-Appellant.**

**No. 12769.**

United States Court of Appeals Seventh Circuit.

April 13, 1960.

---

Alvin A. Turner, Chicago, Ill., for appellant.

Charles R. LeMaster, Asst. U. S. Atty., Fort Wayne, Ind., Kenneth C. Raub, U. S. Atty., Fort Wayne, Ind., for appellee.

Before KNOCH and CASTLE, Circuit Judges, and PLATT, District Judge.

KNOCH, Circuit Judge.

Defendant, James Gilbert Glass, jointly with one Emma Johnson, was charged in a two-count indictment with (1) selling heroin in violation of Title 26 U.S. Code § 4704, and (2) with knowingly receiving etc. narcotics in violation of Title 21 U.S.C.A. Section 174.

A jury found defendant Glass guilty as charged. He was sentenced to serve five years' imprisonment on Count One and twenty years' imprisonment on Count Two, the sentences to be served consecutively. This appeal followed.

Defendant sets out the contested issues as whether:

"1. The trial court erred in denying defendants motions for judgment of acquittal at the close of the government's case, and at the close of all the evidence because:

568

"a. Evidence produced by the government in support of this case violated the constitutional rights of the defendant.

"b. Such proof as was adduced against him was illegally admitted in evidence for the reason that it was admitted under count 2 of the indictment which alleged no offense against the United States."

■ No issue has been raised as to Count One. However, this Court may consider plain errors affecting substantial rights even though these have not been brought to the attention of the Court. Rule 52(b), Federal Rules of Criminal Procedure, 18 U.S.C. Thus, in the light of this Court's recent opinion in United States v. Bailey, 1960, 277 F.2d 560, we find that Count One, which is identical in every respect with Count One in the Bailey case, fails to state an offense. It does not allege selling of the narcotic drug as being neither from nor in the original stamped package, but only as not "from" the original stamped package.

Defendant argues that the judgment of the Trial Court must be reversed as to Count Two of the indictment because Count Two fails to allege an offense against the United States; that conviction on that Count is a nullity because it fails to allege one of the essential elements of the offense—that the narcotics in which defendant is alleged to have dealt had, in fact, been brought into the United States contrary to law.

■ Count Two of the indictment reads:

"On or about the 7th day of July, 1959, in the Northern District of Indiana, James Gilbert Glass and Emma Johnson did knowingly, wilfully, feloniously and fraudulently, receive, conceal, buy, sell, and facilitate the transportation, concealment and sale of a quantity of narcotic drug, to-wit: 6 grams and 250 milligrams of heroin hydrochloride, after said quantity of heroin hydrochloride had been imported into the United States and knowing said quantity of heroin hydrochloride to have been imported into the United States contrary to law, in violation of Section 174, Title 21 of the United States Code annotated."

We also considered this precise issue in Bailey, supra. There we held that Title 21 U.S.C. § 174, contained two offenses: (1) to import or bring any narcotic drug into the United States contrary to law; and (2) to sell any narcotic drug after its being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law.

In Bailey, as here, we note that the indictment reads exactly on the statute and charges the second offense, no element being omitted.

As the Court said in Brown v. United States, 9 Cir., 1955, 222 F.2d 293, 296:

"In logic it would appear that if defendants knew the drugs were imported contrary to law, the fact that they actually were imported contrary to law is inherent therein."

The evidence adduced in the case before us indicated that Federal Narcotics Agent Anthony Johnson and Special Employee Luther McDaniel drove to Gary, Indiana, on July 7, 1959. At about 9:30 P. M., a telephone call was placed to defendant's telephone number in Chicago, in the hearing of Agent Johnson. An unknown voice answered. Then defendant came to the telephone and identified himself as "Gilbert". Agent Johnson recognized the voice of defendant, whom he knew, having spoken with him for about three hours on July 1, 1959. Agent Johnson said that he wanted to buy narcotics and gave his location in Gary. Defendant directed him to another location and promised to meet him there. At about 10:50 P. M. defendant, whom Agent Johnson recognized, drove up to the agreed place. Agent Johnson and Special Employee McDaniel got into the defendant's automobile, which Agent Johnson also recognized from having seen it before. While they drove about

in Gary, Agent Johnson and defendant agreed on a sale of three ounces of narcotics for $240.00 which Agent Johnson paid defendant in currency, the serial numbers of which had been previously recorded. Defendant directed Agent Johnson to the apartment of Emma Johnson, who would give him the narcotics. Agent Johnson asked defendant to wait. After securing a tinfoil package from Emma Johnson at the designated place, Agent Johnson went back to meet defendant, who gave him instructions about diluting narcotics for resale. In her testimony, Emma Johnson denied that Agent Johnson had come to her apartment. She said that she had never seen him prior to the time of trial in court.

After leaving defendant, Agent Johnson joined other agents. A preliminary field test showed the tinfoil package to contain opiates. This test was confirmed by subsequent laboratory analysis to which a government chemist testified.

Other narcotics agents testified to the meeting in Gary between Agent Johnson and defendant.

Agent Joseph Dino, Jr., testified that on arrest defendant was found to have in his possession five $20 bills of the same serial numbers as those previously recorded and given to Agent Johnson to make the purchase.

In his testimony, defendant denied the telephone conversation, stating that he had come to Gary independently to gamble there; that he had recognized Special Employee McDaniel standing on the sidewalk. When McDaniel expressed a desire to talk with defendant, defendant had picked up McDaniel and McDaniel's companion, who was unknown to defendant, and had driven them about while he looked for a parking place; that there was no sale of narcotics; and that in response to a veiled inquiry from McDaniel regarding narcotics, defendant had said "You know more about that than me." Defendant said he then went on to gamble at a succession of gambling games where he won a specified sum of money.

Defendant contends that the Trial Court improperly admitted testimony of the telephone call as it constituted a conversation outside of defendant's presence. The call was placed in Gary to a long distance operator to whom the number had to be verbally given, in the hearing of Agent Johnson. Agent Johnson did testify that during the conversation he shared the receiver with McDaniel for at least part of the time. However, he also testified that he was able to hear and to identify the voice at the other end as that of defendant, although he had never heard defendant's voice over the telephone before. Defendant contends that the factual situation here resembles that in United States v. Washington, 7 Cir., 1958, 253 F.2d 913, of which Judge Duffy of this Court said that it was unbelievable that two agents and one other person all simultaneously listening to a 35-word, 12-second conversation, at one telephone receiver, could have identified the defendant's voice, which neither agent had ever heard before. In the case before us, however, only two persons were listening together. The conversation here was a much longer one. Although Agent Johnson had not previously heard defendant's voice over a telephone, he had spent three hours in defendant's company about a week before. Thus Agent Johnson was not relying on the mere oral statement made by the party at the other end of the line as to his identity. Other facts also supported the identification. It was defendant's telephone number which was requested of the operator. The parties arranged a meeting and defendant did appear at the designated place. Admission of Agent Johnson's testimony concerning the telephone conversation was proper. United States v. Carr, 7 Cir., 1955, 219 F.2d 876, 878-879; United States v. Bucur, 7 Cir., 1952, 194 F.2d 297, 303-304.

The judgment of the Trial Court is Affirmed as to Count Two, and Reversed as to Count One.