**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Andrew KAPSALIS, Defendant-Appellant.**

**No. 13721.**

United States Court of Appeals Seventh Circuit.

Feb. 12, 1963.

876

William A. Carey, Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill. (Raymond F. Zvetina, Asst. U. S. Atty., of counsel), for appellee.

Before DUFFY, KNOCH and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

Appellant (defendant) was charged in a one-count indictment with receiving and concealing a quantity of imported marijuana, knowing it was imported, in violation of Title 21 U.S.C.A. § 176a. Upon trial by the Court without a jury, defendant was found guilty and judgment was entered accordingly. From this judgment he appeals.

Defendant contends that the Court erred in its refusal to grant his motions for judgment of acquittal made at the close of the government's case and again at the conclusion of the trial.

The government relied solely on proof that defendant had in his possession a quantity of marijuana. It introduced no evidence to show that the marijuana was imported or that defendant knew it was imported.

Defendant was arrested October 31, 1961, in a basement apartment in North Chicago, pursuant to a warrant. He was searched by two officers who found a plastic vial in his pocket containing a green, leafy substance. The contents of the vial, pending trial, were retained in the continuous possession of the government or its agents. Appropriate examination of its contents revealed it to be marijuana.

A government witness on cross-examination testified that marijuana is a plant indigenous to the United States; that it grows almost any place; that it grows in large quantities along the Sanitary District Canal in and around Chicago; that it grows in back yards and under certain conditions can be grown in a flower pot on a window sill. He admitted that he did not know whether the marijuana found in defendant's possession was of foreign or domestic origin and, further, that the contents of the vial were "all ground-up leaves."

This concluded the government's case, whereupon defendant moved for a judgment of acquittal for failure of the gov-

ernment to prove that the marijuana was imported. This motion was denied.

Defendant, called as a witness on his own behalf, testified that he did not know that the vial contained marijuana and that he had no knowledge as to whether its contents came from outside the United States. He testified he was confused as to whether the vial was found on his person, but he thought the officer while searching him found it on the sink.

Thereupon, defendant renewed his motion for judgment of acquittal, assigning as an additional ground failure of the government to prove his knowledge that the marijuana was imported into the United States. This motion was also denied.

While defendant in his testimony equivocated as to whether the marijuana was found on his person, the testimony of the government agents disclosed conclusively that it was. The question for decision, therefore, is whether possession alone under the circumstances shown was sufficient to authorize a conviction or, to state the question another way, whether such possession was sufficient to justify a finding that the marijuana was imported with knowledge on the part of defendant.

Section 176a, which defendant was charged with violating, contains the following provision:

> "Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marijuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury."

This provision is precisely the same as that contained in Sec. 174, except 176a relates to marijuana while 174 relates to narcotic drugs generally. Section 176a was enacted many years subsequent to Sec. 174.

Defendant, as he must, concedes the constitutionality of the statutory presumption but contends that under the circumstances of the case it was incumbent on the government to introduce evidence that the marijuana was imported into the United States and that defendant had knowledge thereof. The facts upon which defendant relies as a basis for such argument were developed, as shown, on cross-examination of a government witness who stated that the marijuana plant was indigenous to the United States and to the area where defendant was arrested. The most that can be said of this evidence is that it raises a possibility that the marijuana found in defendant's possession could have been of domestic origin.

The presumption provision contained in Secs. 174 and 176a has been treated in *pari materia*. See United States v. Taylor, 266 F.2d 310 (7th Cir.); Caudillo v. United States, 253 F.2d 513 (9th Cir.). Congress when it inserted the provision in the latter section undoubtedly was aware that the same provision had long been included in the former, and must be assumed to have had knowledge of the manner in which courts in many decisions had applied and given effect to the presumption provision.

A citation of a few of such cases will suffice for our present purpose. This Court, in United States v. Feinberg, 7 Cir., 123 F.2d 425, in a case arising under Sec. 174, stated as to the statutory presumption (page 427):

> "By force of the statute, possession of narcotics gives rise to an inference that the narcotics were imported contrary to law and a further inference that the person in possession had knowledge of such unlawful importation."

Further, on the same page, the Court with reference to defendant's explanation of possession stated:

> "The explanation of possession, however, if it is to serve the defendant's purpose, must not only be believed by the jury but must also be

878

one that shows a possession lawful under the statute. [Citing cases.]"

Feinberg has been cited subsequently and quoted from with approval by this Court. See United States v. White, 7 Cir., 228 F.2d 832, 834; United States v. Taylor, 7 Cir., 266 F.2d 310, 312; United States v. Chiarelli et al., 7 Cir., 192 F.2d 528, 531.

A statement in Wong Sun v. United States, 83 S.Ct. 407, is in point. In that case, Wong Sun was charged and convicted of a violation of Sec. 174. The essential issue was whether heroin was found in his possession, a fact necessary to establish as a prerequisite to the application of the statutory presumption. In discussing the situation the Supreme Court (page 420) stated:

"Surely under the narcotics statute, the discovery of heroin raises a presumption that someone—generally the possessor—violated the law. As to him, once possession alone is proved, the other elements of the offense—transportation and concealment with knowledge of the illegal importation of the drug—need not be separately demonstrated, much less corroborated. 21 U.S.C. Sec. 174."

We think there is no room for controversy as to the force and effect which must be given the statutory presumption. The language, "possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury," leaves nothing to doubt and, therefore, nothing to construe. It would be highly incongruous for a court to hold that unexplained possession is not sufficient to prove the essential elements of the offense beyond a reasonable doubt, in view of the statutory declaration that it is sufficient to "authorize conviction."

We agree with the government's argument that if a reasonable doubt arises as to importation or defendant's knowledge thereof merely from the fact that marijuana is domestically produced, the provision would in effect be rendered nugatory. This is not to say, of course, that there may not be a case, although we suspect it is rare, where a defendant may be able to "explain his possession to the satisfaction of a jury."

It is the possession, however, which must be explained and in the instant case defendant made no effort to do so; in fact, he was not asked, either by his own counsel or by that of the government as to how possession was acquired. Defendant's denial of knowledge of the contents of the vial and whether its contents were imported was no explanation of possession.

In any event, the explanation which a defendant offers must be to the satisfaction of the trier of the facts. Here, the trier concluded that the so-called explanation was not satisfactory and we see no reason to substitute our judgment for his.

The Court notes that Mr. William A. Carey represented appellant as Court-appointed counsel, and we express our appreciation for his services.

The judgment is

Affirmed.