James Gilbert GLASS, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 13950.

United States Court of Appeals Seventh Circuit.

Feb. 12, 1964.

Rehearing Denied March 25, 1964.

Herbert F. Stride, Chicago, Ill., for appellant.

James Gilbert Glass, in pro. per.

Alfred W. Moellering, U. S. Atty., Joseph F. Eichhorn, Asst. U. S. Atty., Fort Wayne, Ind., for appellee.

Before DUFFY, KNOCH and CASTLE, Circuit Judges.

KNOCH, Circuit Judge.

Defendant-appellant, James Gilbert Glass, jointly with one Emma Johnson, was charged in a two-count indictment with (1) selling heroin in violation of Title 26 U.S.C. § 4704(a), and (2) knowingly receiving etc. narcotics in violation of Title 21 U.S.C. § 174.

After trial by jury, appellant was convicted and sentenced to serve five years on count one and twenty years on count two, the sentences to be served consecutively. On appeal, this Court found that count one failed to state an offense, and the judgment was reversed as to that count. The judgment was affirmed as to count two. 7 Cir., 277 F.2d 566 (1960).

Appellant now appeals from denial of his subsequent motion, submitted pursuant to 28 U.S.C.A. §§ 1651(a) and 2255, and based on his assertion that he has been denied fundamental rights guaranteed by the Constitution.

He states the contested issues as:

I—The court should have severed the prosecution of the Defendant, Glass, and the prosecution of the Defendant, Johnson, and heard these cases separately.

II—It was error to allow impeachment of the Defendant, Glass, through use of prior convictions of said defendant.

III—The court erred in instructing the jury by use of Plaintiff's Instruction No. 4.

IV—It was error for the court to comment on evidence while instructing the jury in the manner in which the comments were made.

Appellant argues that his co-defendant, Emma Johnson, was in effect charged with actual possession and sale. Federal Narcotics Agent Anthony Johnson testified that he paid appellant $240 in currency, the serial numbers of which had been previously recorded,* and that appellant then directed him to the apartment of Emma Johnson who was to give him the narcotics for which he paid appellant. Agent Johnson stated that he had secured a tinfoil package from Emma Johnson at the designated place, and then met with appellant who instructed him in the manner of diluting the narcotics for resale. There was evidence that the tinfoil package did contain narcotics. In her testimony Emma Johnson denied that Agent Johnson ever came to her apartment.

Appellant asserts that the charge against him was quite different from that against Emma Johnson. He argues that the sole charge against him was an affiliation with the transaction by directing the federal agents and special employee, Luther McDaniel, to Emma Johnson's apartment. He says that his directions were totally unnecessary because, according to Emma Johnson's testimony, Luther McDaniel already knew her and had borrowed money from her to purchase narcotics for himself on prior occasions.

In the course of cross-examination of Emma Johnson, information was elicited concerning her prior convictions for narcotics violations, for carrying a concealed weapon, and for public intoxication.

Defendant James Gilbert Glass, testified in his own behalf, directly denying any transaction with reference to narcotics. In the course of cross-examination, he disclosed (as set out in his brief):

" * * * the fact that he had frequented a house of prostitution in the year 1941, in Jackson, Michi-

---

* Another agent testified that on arrest appellant was found to have in his possession five $20 bills of the same serial numbers as those previously recorded and given to Agent Johnson. 277 F.2d 569.

gan; that he was convicted of assault and fined $5.00 in LaGrange, Illinois; that he had been convicted of frequenting a gambling house in 1953 and fined $25.00 and that he was generally a person of disrepute."

Appellant argues that the issue as to him concerned only the alleged passage of money; that the jury were improperly called upon to separate the evidence on that issue from evidence of possession and sale by Emma Johnson. We are asked to rule that the District Court abused its discretion in refusing a severance.

If these two defendants had been tried separately, it would have been necessary to present the same evidence of the entire transaction in each trial. Both defendants, in their own testimony, presented complete denials, neither adducing facts harmful to the other. Abuse of discretion on this point is not supported by the record before us. United States v. Soto, 7 Cir., 1958, 256 F.2d 729, 735; United States v. Kramer, 7 Cir., 1956, 236 F.2d 656, 657, and cases there cited.

When appellant took the witness stand to testify in his own behalf, his credibility became an issue in the case. Like any other witness he was subject to impeaching questions. He asserts that the Trial Judge erred in allowing the prosecutor to cross-examine and in effect to impeach him by the showing of prior convictions for misdemeanors, citing Manning v. United States, 8 Cir., 1923, 287 F. 800, 805. In that case cross-examination respecting prior misdemeanors was permitted over timely objection. We have examined the other cases cited by appellant on this point and find them equally unpersuasive. It does not appear from the transcript of the trial here that counsel for appellant objected to the questions posed by the prosecutor. In one instance, with respect to the conviction in LaGrange, the prosecutor asked what appellant had done. To that question, an objection was made and was promptly sustained. In our opinion

appellant may not now raise this issue under 28 U.S.C. § 2255.

Appellant asserts that through the use of plaintiff's instruction No. 4, the Court committed prejudicial error in advising the jury that in the event they did not consider appellant proven guilty under the charge of the indictment, the jury could then go on to consider the collateral charge of conspiracy. We have carefully reviewed the instructions to the jury and find no reference to conspiracy. An objection was raised to an instruction on aiding and abetting on the ground that appellant was not charged with aiding and abetting. Aiders and abettors, however, are chargeable directly as principals. Giving that instruction was not error. United States v. Carengella (United States v. Di Vito), 7 Cir., 1952, 198 F.2d 3, 6, 7 (reversed in part on other grounds) and cases there cited; Swanne Soon Young Pang v. United States, 9 Cir., 1953, 209 F.2d 245.

Appellant feels that the Trial Judge in his comment on the evidence deprived appellant of a fair and impartial trial by instructing the jury, in effect, that appellant was guilty. Appellant does not specify the comments he has in mind. Our reading of the instructions reveals only the following: The Trial Judge instructed the jury that the absence of appropriate tax paid stamps from narcotic drugs is prima facie evidence of violation by the person in whose possession the drugs are found, unless it is rebutted by other evidence. The Judge then said that in this case there was no contrary evidence; that the exceptions provided respecting acquisition of drugs as a patient directly, or on prescription, from a physician or dentist, did not apply here; and that no evidence had been introduced with regard to the legality of the importation. The Judge immediately cautioned the jury not to be influenced by any suggestion which might be drawn as to his favoring either party and to disregard anything which might seem to indicate an opinion regarding the evidence.

We find no basis for objection in these comments. We do not believe that the Trial Judge exceeded his privilege of comment.

This Court is grateful to Mr. Herbert F. Stride of the Illinois bar, who represented appellant in this appeal as Court appointed counsel.

The decision of the District Court is affirmed.

Affirmed.