James Gilbert GLASS, Petitioner-Appellant,

v.

**UNITED STATES of America,** Respondent-Appellee.

No. 15584.

United States Court of Appeals Seventh Circuit.

Dec. 6, 1966.

Certiorari Denied March 13, 1967.

See 87 S.Ct. 1053.

James Gilbert Glass, in pro. per.

Alfred W. Moellering, U. S. Atty., Joseph F. Eichhorn, Asst. U. S. Atty., Fort Wayne, Ind., for appellee.

Before SCHNACKENBERG, KILEY and FAIRCHILD, Circuit Judges.

KILEY, Circuit Judge.

In 1960 this court reversed petitioner's conviction of unlawful sale of narcotics under 26 U.S.C. § 4704(a) (1964) and affirmed his conviction of knowingly receiving, etc., under 21 U.S.C. § 174 (1964). United States v. Glass, 277 F. 2d 566 (7th Cir. 1960). Petitioner's first petition under 28 U.S.C. § 2255 (1964) was dismissed by the district court, and this court affirmed in 1964. Glass v. United States, 328 F.2d 754 (7th Cir. 1964). This "second successive" section 2255 petition, now before us, was also dismissed, and Glass has appealed. We affirm the district court's judgment of dismissal.

Glass contends that his constitutional rights were violated at his original trial because of the government's knowing use of the perjured testimony of a government agent. He also claims that the district court erred in denying his motion for production of the informer who aided the government in petitioner's arrest, and that he was prejudiced by the submission of the defective section 4704(a) count to the jury which convicted him on the section 174 count.

■ We have read the testimony of agent Johnson relied upon by Glass to show perjury and have not been persuaded that any apparent inconsistency in his direct and cross-examination is perjury, either with respect to whether he spoke personally on the telephone to Glass or as to Johnson's description of the narcotics package he received from petitioner's co-defendant.

■ We see no merit in the contention that petitioner's Sixth Amendment rights were violated by the court's refusal to order the government to produce the informer as a witness and denial of a continuance during the trial so that he might subpoena the informer. Glass had counsel of his choice at the trial. He knew the informer before the transaction which was the subject of the trial and knew of the informer's part in his arrest. The government had no obligation to use the informer as a witness, since its proof was sufficient. And no reason is shown why Glass could not have subpoenaed the informer, having the same knowledge, for all that appears, as the government as to his whereabouts. This is not a case like United States ex rel. Meers v. Wilkins, 326 F.2d 135 (2d Cir. 1964), where the prosecution knew of material testimony favorable to Meers' defense and failed to disclose it.

We see no merit in the final contention because the record reveals no prejudice to Glass by the submission of the defective count to the jury.

Affirmed.

SCHNACKENBERG, Circuit Judge (concurring).

In addition to what is contained in the foregoing opinion, in which I concur, the present appeal is indicative of the persistence of appellant Glass, following as it does his direct appeal from his conviction after a trial by jury, resulting in an affirmance, 277 F.2d 566. His next resort was to §§ 1651(a) and 2255 of 28 U.S.C.A. This court denied him relief on an appeal from an order of the district court denying such relief. 328 F.2d 754 (1964).

It is apparent that all issues now being raised by petitioner have heretofore been disposed of either on direct appeal or in a § 2255 proceeding.

That the government did not call special employee Luther McDaniel as its witness was not error. Failure to do so was a calculated risk of government counsel. A conviction was procured without McDaniel's testimony. If petitioner or his counsel wanted the benefit of any knowledge that McDaniel had pertaining to the case against him, the law provided methods for procuring a bill of particulars, a deposition, or a subpoena. Neither petitioner nor his counsel took advantage of any of these methods.