**James Gilbert GLASS, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 16952.**

United States Court of Appeals
Seventh Circuit.

Dec. 16. 1968.

Certiorari Denied March 24, 1969.
See 89 S.Ct. 1220.

Thomas D. Decker, Chicago, Ill., James Gilbert Glass, in pro. per., for appellant.

Alfred W. Moellering, U. S. Atty., Joseph F. Eichhorn, Asst. U. S. Atty., Fort Wayne, Ind., for appellee.

Before HASTINGS, Circuit Judge, KNOCH, Senior Circuit Judge, and KERNER, Circuit Judge.

## PER CURIAM.

In September, 1959, following a jury trial, defendant James Albert Glass was found guilty on two counts of an indictment charging violations of the federal narcotics laws. He was sentenced under Count I to a term of five years for a violation of Title 26, U.S.C.A. § 4704(a) and to a term of twenty years for a violation of Title 21, U.S.C.A. § 174, the latter to run consecutively to the sentence of five years. On appeal to this court, we reversed the judgment of conviction under Count I, but affirmed the judgment under Count II. United States v. Glass, 7 Cir., 277 F.2d 566 (1960), cert. den. 363 U.S. 843, 80 S.Ct. 1612, 4 L.Ed.2d 1727. Thereafter, defendant's first petition filed pursuant to Title 28, U.S.C.A. § 2255 was dismissed by the district court and on appeal we affirmed. Glass v. United States, 7 Cir., 328 F.2d 754 (1964), cert. den. 377 U.S. 983, 84 S.Ct. 1892, 12 L.Ed.2d 751. Subsequently, defendant's second § 2255 petition was dismissed, and again we affirmed. Glass v. United States, 7 Cir., 371 F.2d 418 (1966), cert. den. 386 U.S. 968, 87 S.Ct. 1053, 18 L.Ed.2d 122.

On April 5, 1968, defendant filed his third § 2255 petition, which was denied by the district court, and the appeal therefrom is now before us. We appointed counsel to represent defendant on this appeal. Appropriate briefs were filed and oral argument was heard.

The sole ground for relief in this third venture is the allegation that the imposition of the twenty year sentence on Count II in September, 1959 violated defendant's rights to due process and to equal protection of the laws. His co-defendant, who, unlike defendant, had a prior felony conviction, received but a ten year sentence.

The able district court, in a memorandum opinion, reviewed the facts found by this court in 277 F.2d 566, supra, as well as the transcript of the hearing on disposition at sentencing by the trial court.[1] It is apparent that the co-defendant, Emma Johnson, had a prior narcotics conviction more than twenty years old; had been free from the use of narcotics for much of that time, until temporarily before trial. She was ill, needed medical and surgical assistance, and had only a minimal engagement in the narcotics traffic, usually to supply her own needs as an addict. Judge Swygert

---

1. Our Brother Swygert was then presiding as Chief Judge of the United States District Court for the Northern District of Indiana.

then carefully at length articulated his reasons for imposing the longer sentence on defendant, which evidenced his serious concern at that time in reaching a just result. The twenty year sentence was within the limits provided by the statute violated, 21 U.S.C.A. § 174.

■■ The trial court having indicated a proper and reasonable basis for the sentences imposed, we find and hold that it did not abuse its discretion in sentencing defendant Glass to a term of twenty years. It necessarily follows that the district court properly dismissed the instant § 2255 petition. Cf. Yates v. United States, 356 U.S. 363, 78 S.Ct. 766, 2 L.Ed.2d 837 (1958); United States v. Levine, 7 Cir., 372 F.2d 70, 72 (1967), cert. den. 388 U.S. 916, 87 S.Ct. 2132, 18 L.Ed.2d 1359; United States v. Melendez, 7 Cir., 355 F.2d 914, 917 (1966); United States v. Wiley, 7 Cir., 278 F.2d 500 (1960).

■ We appointed Thomas D. Decker, a reputable member of the Chicago Bar, to represent defendant on this appeal. After careful preparation, Mr. Decker concluded that the single ground asserted for relief was "wholly frivolous". He filed a motion to withdraw and, in full compliance with Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), filed "a brief referring to anything in the record that might arguably support the appeal." At our invitation, he appeared and argued the case on appeal. We find this representation was ably performed. We deny the motion to withdraw and express our appreciation for this professional service.

For the foregoing reasons, the judgment appealed from is affirmed.

Affirmed.