**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Thomas L. POPE, Defendant-Appellant.**

**No. 16893.**

United States Court of Appeals Seventh Circuit.

March 18, 1969.

Rehearing En Banc Denied May 13, 1969.

**372**

Thomas F. Londrigan, Springfield, Ill., for appellant.

Richard E. Eagleton, U. S. Atty., Frank J. Violanti, Asst. U. S. Atty., Springfield, Ill., for appellee.

Before HASTINGS, Senior Circuit Judge, and FAIRCHILD and CUMMINGS, Circuit Judges.

HASTINGS, Senior Circuit Judge.

On January 24, 1967, defendant Thomas L. Pope was indicted in four counts by a federal grand jury. In the first three counts he was charged with aiding and abetting the armed robbery of the Town and Country Bank of Springfield, Illinois, a federally insured bank, on September 13, 1966. The fourth count charged defendant with being an accessory after the fact in connection with such armed robbery.

Counts one, two and three allege violations of Title 18, U.S.C.A. § 2113(a), (b) and (d) [1] and § 2 of Title 18.[2] Count four alleges a violation of § 3 of Title 18.[3]

Defendant was represented at all times by experienced, privately retained counsel. He entered a plea of not guilty and was tried to a jury. After four days of trial, the jury returned a verdict of guilty on all four counts. He was sen-

---

[1] "(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or

Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

(b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; or

Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not

more than $1,000 or imprisoned not more than one year, or both.

\* \* \* \* \*

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both."

[2] "(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal. \* \* \* "

[3] "Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact.

Except as otherwise expressly provided by any Act of Congress, an accessory after the fact shall be imprisoned not more than one-half the maximum term of imprisonment or fined not more than one-half the maximum fine prescribed for the punishment of the principal, or both; or if the principal is punishable by death, the accessory shall be imprisoned not more than ten years."

tenced to terms of 15 years on count one, 10 years on count two, 18 years on count three and 12½ years on count four, all sentences to run concurrently, a total of 18 years. Defendant appealed. We affirm.

The alleged errors relied upon for reversal relate to the sufficiency of the indictment, the sufficiency of the evidence to support the guilty verdict, discretionary rulings by the trial court, Government cross-examination of a character witness and instructions to the jury.

■ The challenge to the sufficiency of the indictment is without merit. The first three counts clearly and expressly charge defendant with aiding and abetting the armed robbery of the named bank in Springfield, Illinois, of the sum of $17,560 on the specified date. The fourth count charges defendant with giving aid and comfort to Everett Leroy Biggs (the principal in the armed robbery) with intent to prevent his apprehension and trial, knowing Biggs had robbed the bank as alleged.

The indictment meets the requirements of Rule 7(c), Federal Rules of Criminal Procedure, 18 U.S.C.A., that it " * * * shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * * " Defendant was clearly and sufficiently apprised of the nature of the charges against him. The record here is such that he could successfully plead the judgment as a bar against any subsequent prosecution for the same offense. Collins v. Markley, 7 Cir., 346 F.2d 230, 232 (1965), *cert. denied,* 382 U.S. 946, 86 S.Ct. 408, 15 L.Ed.2d 355.

There could have been no surprise or resulting prejudice for the reason that after denying defendant's motion to dismiss the indictment the trial court granted in substantial part his motion for a bill of particulars.

Further, the first three counts are more than sufficient. Defendant is expressly charged as an aider and abettor, in the face of repeated holdings that he might have been charged directly as a principal. Nye & Nissen v. United States, 336 U.S. 613, 618–620, 69 S.Ct. 766, 93 L.Ed. 919 (1949); Glass v. United States, 7 Cir., 328 F.2d 754, 756 (1964), *cert. denied,* 377 U.S. 983, 84 S.Ct. 1892, 12 L.Ed.2d 751; United States v. Washington, 7 Cir., 287 F.2d 819, 820–821 (1961), and cases therein cited, *cert. denied,* 366 U.S. 969, 81 S.Ct. 1933, 6 L.Ed.2d 1259.

■ We have reviewed the record in this case. It is now axiomatic that in resolving the issue of sufficiency of the evidence to sustain the conviction, we must review the evidence, together with the reasonable inferences which may be drawn therefrom, in the light most favorable to the Government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), and its never-ending progeny.

■ Applying this principle, our review of the record as a whole leads us to the inescapable conclusion that the evidence is sufficient to support the jury's verdict of guilty. It is overwhelming.

Defendant is caught in the web of the testimony against him given freely by his accomplice, Everett Leroy Biggs. Biggs is presently serving a sentence following his guilty plea to a charge of committing the armed robbery. Defend-

---

4. On brief, the Government makes the following summary:

"Biggs testified that the defendant did the following things in making the bank robbery succeed and in effecting his escape:

1. Drew a plan of the bank for Biggs.

2. Loaned Biggs his gun to use in the robbery.

3. Arranged for Biggs to stay at an apartment of a friend of the defendant named Barbara both before and after the robbery.

4. Arranged for Biggs to steal the car Biggs used in committing the bank robbery.

5. Met Biggs immediately after the bank robbery at a car wash where Biggs and the stolen money were trans-

ant testified and denied Biggs' testimony fixing him as an aider and abettor. This presented a credibility question for the jury. The trial court gave the jury a proper cautionary instruction on the consideration it should give accomplice testimony. The jury could reasonably have believed Biggs' testimony beyond a reasonable doubt.[4] See United States v. Adams, 7 Cir., 403 F.2d 840 (1968). *Adams* concerns a somewhat similar recent bank robbery in Springfield, Illinois.

■ Defendant charges the trial court abused its discretion in certain rulings before and during trial. These relate generally to the denial of additional pretrial discovery; the denial of a motion for severance of the trial of the first three counts from count four; the denial of a continuance; the court's refusal to call a certain witness as the court's witness; and the scope of cross-examination of certain witnesses. We have carefully examined the substance of each of these claims. None was due defendant as a matter of right. Each was discretionary with the trial court. No prejudice has been demonstrated to us. We find them to be without merit. The trial court did not abuse its discretion and did not prejudicially err in any of such challenged rulings.

Defendant contends the trial court prejudicially erred in permitting the Government to improperly cross-examine one of his character witnesses. Defendant had testified that one reason he was with Biggs after the bank robbery was because he had received threats from Biggs' wife to expose to defendant's wife his illicit relationship with his girl friend, Barbara Arnold. Defendant himself first raised the extent of his association with Barbara. He made it part of his defense. He then chose to place his own character in issue. The character witness in question was a neighbor of defendant, Mrs. Dorosheff. She testified his reputation as a law abiding citizen in his community was good. On cross-examination Government counsel asked "Mrs. Dorosheff, would your appraisal of the reputation of Mr. Pope be different if you knew that for the past six years he'd been carrying on an illicit relationship with another woman?" Defendant objected. After an extended colloquy in the absence of the witness and the jury, the objection was overruled.

■ The record shows the question was reread to the witness who then said she did not "know how to answer it, truly." On redirect examination, she testified she had never heard anything like this before. Under this record, we find the trial court did not abuse the exercise of its sound discretion. Further, we find no prejudice to defendant. We cite with approval Judge Cummings' approach to this question in United States v. Battaglia, 7 Cir., 394 F.2d 304, 317 (1968), when he stated: " * * * we adhere to Mr. Justice Jackson's precept not to 'disturb rulings of trial courts' in this troublesome field except in rare instances * * * ", citing Michelson v. United States, 335 U.S. 469, 480, 69 S.Ct. 213, 93 L.Ed. 168 (1948).

■ Finally, the district court gave extensive and complete instructions to the jury on all relevant issues in this case. Considering the instructions as a whole, we find and hold the jury was fully and properly instructed. Defendant's complaints in this respect are without substance.

Mr. Thomas F. Londrigan, a reputable member of the Springfield, Illinois, Bar,

---

ferred into the trunk of the automobile the defendant was driving.

6. Shared in the stolen money.

7. Placed Biggs in the trunk of his automobile after the money was spit in Barbara Arnold's apartment and drove Biggs out of the State of Illinois to Hazelwood, Missouri.

8. Stayed with Biggs at motels in Rolla, Missouri, and Mountain Home, Arkansas, on September 14, 15 and 16, 1966, and possibly a few more days, which were the days immediately following the bank robbery."

Based on our independent examination of the record, we find this to be correct.

was one of defendant's privately retained counsel in the trial below. We appointed Mr. Londrigan to represent defendant on this appeal pursuant to the Criminal Justice Act of 1964. We appreciate the excellent service he performed in this court.

The judgment of conviction and sentence appealed from will be affirmed.

Affirmed.