**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James SLATON, Defendant-Appellant.**

**No. 16929.**

United States Court of Appeals,
Seventh Circuit.

July 10, 1970.

Rehearing En Banc
Denied Sept. 9, 1970.

Jerome Rotenberg, Chicago, Ill., for defendant-appellant.

Thomas A. Foran, U. S. Atty., Robert J. Krajcir, Chicago, Ill., for plaintiff-appellee; John Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., of counsel.

Before CUMMINGS and KERNER, Circuit Judges, and DOYLE, District Judge.[1]

CUMMINGS, Circuit Judge.

After a jury trial, defendant was convicted under Counts V and VI of an indictment charging him and two other men, Frank Dowery and Morris Tate, with selling 11.450 grams of heroin to one Carl L. Jackson without receiving an order blank from him, and with unlawfully receiving this imported drug. These counts asserted violations of 26 U.S.C. § 4705(a) and 21 U.S.C. § 174. Defendant received 10-year concurrent sentences on each of these counts.[2]

■■■ Defendant asserts that the district court improperly refused a conference on instructions as required by Rule 30 of the Federal Rules of Criminal Procedure. The Court thus allegedly failed to inform counsel of its proposed action upon the request for instructions prior to the closing arguments. When defense counsel complained of this matter below, the district judge replied that he had given all of the defendant's instructions except the next to the last paragraph of Instruction D–2.[3] Defense counsel then stated that the district judge had also refused to give his tendered Instruction D–3, providing:

"Although unexplained possession of the narcotics referred to in Count VI of the indictment *may* give rise to the presumption that the defendant knew that the narcotics were unlawfully imported, you are not compelled to find that the narcotics were unlawfully imported and that the defendant had knowledge of the unlawful importation. This presumption merely permits you to so find." (Emphasis supplied.) [4]

1. Chief Judge Doyle of the United States District Court for the Western District of Wisconsin is sitting by designation.

2. In his brief, defendant first attacked the constitutionality of 21 U.S.C. § 174. However, this point was abandoned at oral argument in view of the recent decision in Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610.

3. Defendant no longer complains of this ruling.

4. 21 U.S.C. § 174 provides:
   "Whenever on trial for a violation of this section the defendant is shown

The substitute instruction actually given by the district court was Section 17.01–1 of the La Buy instructions (36 F.R.D. 457, 608–609) and correctly states the law to be applied. United States v. Kapsalis, 313 F.2d 875, 878 (7th Cir.1963), certiorari denied, 374 U.S. 856, 83 S.Ct. 1911, 10 L.Ed.2d 1077; United States v. McKay, 283 F.2d 399, 404 (7th Cir. 1960), certiorari denied, 365 U.S. 813, 81 S.Ct. 695, 5 L.Ed.2d 693; see also Turner v. United States, 396 U.S. 398, 406–407, 90 S.Ct. 642. This instruction did not compel the jury to convict the defendant, as he contends, for it stated only that possession would be deemed sufficient to authorize conviction unless the possession were explained to the satisfaction of the jury. Likewise, we have previously upheld instructions given over a defendant's objection that a presumption of guilt may not be drawn from his failure to testify. United States v. Wick, 416 F.2d 61, 62–63 (7th Cir.1969), certiorari denied, 396 U.S. 961, 90 S.Ct. 436, 24 L.Ed.2d 425; United States v. Schwartz, 398 F.2d 464, 469–470 (7th Cir.1968), certiorari denied sub nom. Pyne v. United States, 393 U.S. 1062, 89 S.Ct. 714, 21 L.Ed.2d 705. There was, therefore, no error in the instructions actually given by the trial judge.

■ Turning to the question of Rule 30, we conclude that the failure of the trial court to hold a conference on instructions did not result in any prejudicial error to defendant in this case. The only matters offered as indicia of prejudice were defendant's alleged inability to determine the theories of the Government's case and inability to argue as to the instruction that there was no presumption of guilt from his failure to take the stand. From the opening statement of the prosecutor throughout the trial, it was apparent that the Government based its case upon the theories of a joint venture or common scheme or, in the alternative, upon defendant's role as an aider or abettor. As already noted, the instruction on defendant's failure to take the stand was permissible. We agree with the Ninth Circuit that the failure to grant a Rule 30 conference is not reversible error unless the defendant demonstrates he has been prejudiced thereby. Carbo v. United States, 314 F.2d 718, 745–746 (9th Cir.1964), certiorari denied, 377 U.S. 953, 84 S.Ct. 1626, 12 L.Ed.2d 498; cf. United States v. Titus, 221 F.2d 571, 573–574 (2d Cir. 1955); Sultan v. United States, 249 F. 2d 385, 388 (5th Cir.1957). Lacking the appropriate conference, this defendant would have been entitled to present his closing argument based on the instructions he tendered to the court. He chose, however, to argue the facts of the case and avoided discussing the law. Since this defendant has shown no prejudice therefrom, the failure to hold a Rule 30 conference was harmless error. Cf. United States v. Bass, 425 F.2d 161 (7th Cir.1970); United States v. Schartner, 426 F.2d 470 (3d Cir.1970).

■ Defendant also complains of a fatal variance between the allegations of the indictment and proof on the ground that under Count V any sale "was a transaction between himself and Tate," not involving him in the later exchange between Tate and Narcotics Agent Jackson. However, viewing the evidence in the Government's favor (Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680), it is apparent that defendant aided and abetted Tate in the sale of the heroin to Jackson, thus making defendant properly chargeable as a principal under 18 U.S.C. § 2(a). Glass v. United States, 328 F.2d 754, 756 (7th Cir.1964), certiorari denied, 377 U.S. 983, 84 S.Ct. 1892, 12 L.Ed.2d 751.

to have or to have had possession of the narcotic drug, such possession *shall* be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury." (Emphasis supplied.)

This tendered instruction mistakenly employed "may" instead of the statutory "shall."

There was therefore no fatal variance. Nassif v. United States, 370 F.2d 147, 155 (8th Cir.1966).

■ Finally, defendant asserts that the district judge should have held a hearing on his motion for a new trial in order to consider his inability to interview defendant Tate prior to trial. However, defendant's affidavit supporting his motion for a new trial revealed that Tate's attorney had advised defendant's attorney that Tate "refused to appear and testify as a witness in his behalf." This may explain why defendant never attempted to call Tate as a witness nor even requested the court to permit an interview with him in the Cook County Jail. Under the circumstances, we find no abuse of discretion in the trial court's failure to hold a hearing on the defendant's motion for a new trial.

The judgment is affirmed.

JAMES E. DOYLE, District Judge (dissenting).

The requirement of Rule 30, that the court inform counsel of its proposed action on requested instructions prior to closing arguments, is explicit, flat, and wholesome. It is fair to counsel and the parties. It improves closing arguments by making them more pointed and accurate. The chance for error is reduced when the court affords counsel an opportunity to be heard on proposed instructions.

I appreciate that minor oversights with respect to some provisions of the Rules of Procedure are bound to occur, and that it would be unwise and impractical to require reversal in the wake of every such oversight. On the other hand, for the appellate court to give effect to the Rules only when the aggrieved party can affirmatively show resulting prejudice is to give little force to

Rules consciously and deliberately designed to direct the conduct of trial courts.

In the present situation, it is unnecessary to adopt a blanket doctrine with respect to failure to observe the Rules. We are presented with a situation in which timely request was made to the trial court to observe Rule 30; no response was made other than to direct counsel to proceed with closing argument. In such a situation, I would hold that the violation of the Rule requires reversal unless it appears affirmatively that the defendant was not prejudiced.

In the present case it does not appear affirmatively that the defendant was not prejudiced. With respect to Count V, the defendant had been indicted directly as a principal under 26 U.S.C. § 4705(a), but the evidence developed an aiding and abetting case. Without warning from the court to counsel, early in the instructions the court emphasized the aiding and abetting theory. I cannot conclude that defense counsel would not have been able to tailor his argument to this theory more effectively had he been forewarned.

With respect to Count VI, based on 21 U.S.C. § 174, the statute itself skirts perilously close to an invasion of the privilege against self-incrimination. The jury was instructed, correctly under the law of this circuit: "Unless defendant explains his possession to the satisfaction of the jury, such possession shall be deemed evidence to authorize conviction."[1] This is an unusual situation, and it lends special force to the question whether the defendant will desire the standard instruction (La Buy, 6.09) on the significance of his failure to testify. Without prior warning, this standard instruction was given.[2]

For the reasons stated, I would reverse.

[1] I note that the word "sufficient" which precedes "evidence" in the statute and in the La Buy instruction (17.01–1) was omitted. I cannot see that this omission either favored or disfavored the defendant.

[2] Neither United States v. Wick nor United States v. Schwartz, cited in the opinion of the court, involved a statute creating a presumption in the absence of a satisfactory explanation by a defendant.