Jessie Villanueva **ESPINOZA** and Margaret Espinoza, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 18346.

United States Court of Appeals Ninth Circuit.

May 1, 1963.

Herbert M. Porter, Los Angeles, Cal., for appellants.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, and Myron Roschko, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, MERRILL and BROWNING, Circuit Judge.

BROWNING, Circuit Judge.

Appellants' attack upon the sufficiency of the evidence to sustain their convictions arising out of a sale of narcotic drugs on November 16, 1961, must fail if the evidence established that each had possession of the narcotic drugs and neither explained her possession to the satisfaction of the trier of fact.[1] 21 U.S.C.A. § 174.

1. A government witness testified that appellant Margaret Espinoza had physical possession of the narcotic drugs and delivered them to the government witness at the time of the sale. Margaret offered no explanation of her possession; she simply denied it.

■ The government's evidence showed that the purchase of narcotic drugs was arranged in two telephone conversations with appellant Jessie Espinoza, that pursuant to these arrangements government agents went to the home occupied by Jessie and Margaret to complete the purchase, that one hundred dollars was paid over by the agents and counted in Margaret's presence, and that Margaret then delivered about one-third ounce of heroin to the agents in two rubber condoms. The evidence was sufficient to justify the trier of fact in concluding that Margaret's possession involved "that type of control from which it could not unreasonably be inferred that the possessor was going to commit one or more of the specified acts which have been declared criminal." United States v. Santore, 290 F.2d 51, 64 (2d Cir., 1959). Margaret's possession was therefore sufficient to raise the statutory presumption; if an innocent explanation[2] were available, Margaret was required by the statute to offer it.

■ 2. The evidence that appellant Jessie Espinoza had negotiated the sale of narcotic drugs and demonstrated her ability to cause them to be produced was sufficient circumstantial proof that she had dominion and control of the drugs, and hence had constructive possession sufficient to raise the statutory presumption. It is immaterial that Jessie was not shown to have had physical possession of the drugs, or to have been present at the time the sale was completed by delivery. Arellanes v. United States, 302 F.2d 603 (9th Cir., 1962); Teasley v. United States, 292 F.2d 460, 467–468 (9th Cir., 1961); Rodella v. United States, 286 F.2d 306 (9th Cir., 1960); Cellino v. United States, 276 F.2d 941 (9th Cir., 1960).

■ Jessie also argues that the receiving voice was not sufficiently identified as hers to permit the admission of the telephone conversations arranging the sale. "The issue of authenticity— the identity of the author of a particular item of evidence such as a document or phone call—is for the [trier of fact] once

---

1. Appellant Margaret Espinoza was convicted on a single count based upon the sale of November 16, 1961. Appellant Jessie Villanueva Espinoza was convicted on two counts based upon the sale of November 16, 1961, and a third count based upon a sale of November 27, 1961, but received equal concurrent sentences on each count for the minimum term permitted by the statute. We consider

only errors alleged as to the convictions based upon the November 16th sale. See Wilson v. United States, 9th Cir., 1963, 316 F.2d 212.

2. This would include Margaret's suggestion in her brief in this Court that the government's evidence did not exclude the possibility that the two condoms might have been concealed by an outer wrapping, leaving Margaret unaware of the contents.

a prima facie case of authorship is made out by the proponent of the evidence. The connection between a telephone call and the caller may be established circumstantially." Carbo v. United States, 9th Cir., 1963, 314 F.2d 718. The telephone number dialed was listed in Jessie's name. The person who responded identified herself as Jessie. The sale was consummated at Jessie's home within fifteen minutes of the second call and in accordance with arrangements made in that call. A government agent who monitored the calls identified the voice as Jessie's based upon conversations with her at the time of her arrest. This foundation was sufficient. See United States v. Glass, 277 F.2d 566, 569 (7th Cir., 1960); United States v. Carr, 219 F.2d 876, 878–879 (7th Cir., 1955); United States v. Bucur, 194 F.2d 297, 303–304 (7th Cir., 1952). Andrews v. United States, 78 F.2d 274, 275 (10th Cir., 1935), relied upon by appellants, is not to the contrary.

Affirmed.