**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James William DONOFRIO, Defendant-
Appellant.**

**No. 71–1215**

**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

Nov. 11, 1971.

On Rehearing Jan. 7, 1972.

Tom Whittaker, Jr., Whittaker and Goodson, Tampa, Fla., John E. Mathews, Jr., Jacksonville, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., William M. James, Jr., Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee; John Kane, Mervyn Hamburg, Dept. of Justice, Washington, D. C., of counsel.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

BELL, Circuit Judge:

Appellant, having been previously convicted of a felony, was convicted in the

\*[1]  Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Middle District of Florida for unlawful possession of firearms in violation of 18 U.S.C.A.App. § 1202.[1] We affirm.

In 1969, federal agents went to a bar owned by a corporation of which appellant was president for the purpose of executing valid search warrants covering the place of business and appellant personally for illegal firearms. The search resulted in the discovery and seizure of two pistols and assorted ammunition in the place of business. Appellant was arrested and thereafter convicted as stated.

Appellant's primary basis for appeal is grounded upon a constitutional attack on the statute insofar as it allows a conviction for possession without a showing that the possession was "in commerce or affecting commerce." In support of his argument, appellant cites United States v. Bass, 2 Cir., 1970, 434 F.2d 1296, cert. granted, 401 U.S. 993, 91 S.Ct. 1234, 28 L.Ed.2d 530 (1971), for the proposition that it is essential to prove possession "in commerce or affecting commerce" to make out a constitutionally valid case under the statute.[2]

If this court were to adopt the holding of *Bass*, appellant's conviction would necessarily require a reversal. However, the constitutional issue raised in *Bass* has been considered by several other circuits. See Stevens v. United States, 440 F.2d 144 (6 Cir. 1971); United States v. Synnes, 438 F.2d 764 (8 Cir. 1971); United States v. Daniels, 431 F.2d 697 (9 Cir. 1970); United States v. Cabbler, 429 F.2d 577 (4 Cir. 1970), cert. denied, 400 U.S. 901, 91 S.Ct. 138, 27 L.Ed.2d 138. ·In each of these cases the argument urged by appellant here was rejected. After careful study of these cases and the legislative history of the statute,[3] we conclude that the sounder view is that proof of possession "in commerce or affecting commerce" is not a constitutional necessity to convict under 18 U.S.C.A. App. § 1202. Moreover, we construe the statute as does the government, i. e., that the phrase "in commerce or affecting commerce" does not modify the word "possesses" and thus possession in or affecting commerce is not an element of the crime which must be·charged and proved. Therefore, we uphold the statute from a constitutional standpoint and also in the face of the attack based on statutory construction.

Appellant, however, raises a further constitutional issue in contending that the statute, insofar as it purports to regulate .conduct of felons for past activity, constitutes a violation of the constitutional prohibition against bills of attainder and ex post facto laws. U.S.Const., Art. I, § 9.

Appellant relies primarily upon United States v. Brown, 1965, 381 U.S. 437, 85 S.Ct. 1707, 14 L.Ed.2d 484, to support his bill of attainder argument. There a statute which prescribed punishment for members of the Communist Party, an easily ascertainable class, as distinguished from punishment for prohibited forms of behavior, was held to be a bill of attainder within the meaning of Article I, § 9, of the Constitution and therefore invalid. See also on bills of attainder, ex post facto laws and the reach of a presidential pardon, Ex parte Garland, 1867, 71 U.S. (4 Wall.) 333, 18 L.Ed. 366.

Appellant misconceives the applicability of *Brown* and *Garland* to laws imposing a disability upon convicted felons.

1. The statute provides:
"(a) any person who—
"(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony
\*     \*     \*     \*     \*
and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both."
§ 1203. Exemptions
This title shall not apply to—
(2) any person who has been pardoned by the President of the United States or the chief executive of a State and has expressly been authorized by the President or such chief executive, as the case may be to receive, possess, or transport in commerce a firearm.

2. Ordinarily we would probably await the decision of the Supreme Court in *Bass*. Appellant, however, is presently serving his sentence and has petitioned the court for an early decision on his appeal. Under the circumstances, his request is reasonable and we proceed to disposition.

3. For an exhaustive examination of the legislative history and purpose of the statute, see Stevens v. United States, supra; United States v. Synnes, supra.

Laws regulating the conduct of convicted felons have long been upheld as valid exercises of the legislative function. The prohibitions of Article I, § 9, relate only to penal laws which are described as those laws which inflict a disability for the purpose of punishment. If the disability is designed to accomplish some other legitimate governmental purpose, it should stand. *See, e. g.,* Trop v. Dulles, 1958, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630, in which Chief Justice Warren, writing for the court, recognized the legitimacy of imposing disabilities upon felons. 356 U.S. at 96–97, 78 S.Ct. 590. Such an activity is presented in the instant case, the regulations of guns in the hands of those previously convicted of felonies. See also Brown, 381 U.S. at 468–469, 85 S.Ct. 1707 (dissenting opinion of Justice White, joined by Justices Clark, Harlan, and Stewart). We therefore hold that the disability imposed by § 1202 upon convicted felons is designed to accomplish a legitimate governmental purpose and is a constitutional exercise of legislative power.

Appellant also raises several issues relating to evidentiary matters at trial. It is his contention that the failure to admit evidence of prior pardons was error. The statute does not apply to persons previously pardoned and expressly authorized to possess firearms. Nevertheless, the legal efficacy of a pardon is a matter of law. If the court was correct in its determination that the pardons were legally insufficient, then the evidence in question was properly excluded as irrelevant.

■■ As to the prior New York felony conviction alleged in the indictment, appellant argues that he was pardoned by the President of the United States in 1945 by proclamation pardoning all felons convicted under the laws of the United States and serving at least one year on active duty with the armed forces between July 1941 and December 1945. As the government points out, however, a pardon is the prerogative of the sovereign, and the presidential pardon extended by its own terms only to federal convictions. See In re Bocchiaro, W.D. N.Y.1943, 49 F.Supp. 37; U.S.Const., Art. II, § 2. Therefore, the presidential pardon was insufficient as a matter of law to relieve appellant of liability under the statute, and it was properly excluded by the trial court. Similarly, the Pardon Board of Florida could not pardon the appellant for his New York conviction, and it too was properly excluded from the jury. In fact, that Pardon Board only purported to relieve appellant of any Florida disabilities visited upon him because of the New York conviction.

The final substantial issue raised on this appeal is whether evidence showing actual possession of the weapons prior to the effective date of the statute was admissible. Appellant contends that since possession prior to that time was not illegal, the evidence was inadmissible. This argument is without merit.

■■ A possessive offense may be proved by evidence of actual or constructive possession. See Hale v. United States, 5 Cir., 1969, 410 F.2d 147. Here the government's case rested upon constructive possession, and it was necessary as an element of the offense to prove that appellant knowingly had the power to exercise dominion and control over the firearms. 410 F.2d at 150. Thus, evidence of past conduct, even prior to the passage of the statute, was relevant to show that appellant had knowledge of the presence of the firearms at the bar and the ability to reduce them to actual possession.

We have examined each of appellant's other assignments of error and find them all without merit.

Affirmed.

## ON PETITION FOR REHEARING

### PER CURIAM:

■ It is ordered that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby granted on the authority of the supervening decision of the Supreme Court in United States v. Bass, dated December 20, 1971, 404 U.S. ——, 92 S. Ct. 515, 30 L.Ed.2d 488. The judgment of the district court is reversed and the cause is remanded to the district court for further proceedings not inconsistent with United States v. Bass, supra.

The mandate shall issue forthwith.

It is so ordered.