**UNITED STATES of America**

v.

**Miguel RODRIGUEZ.**

**No. 71-687-Cr-CA.**

United States District Court,
S. D. Florida,
Miami Division.

Jan. 25, 1972.

Robert W. Rust, U. S. Atty., and Mervyn L. Ames, Asst. U. S. Atty., Miami, Fla., for the United States.

Louis Stoskopf, Miami, Fla., for defendant.

## ORDER DENYING MOTION TO DISMISS

ATKINS, District Judge.

Defendant, by his motion to dismiss the indictment, makes a frontal attack upon the constitutionality of 21 U.S.C. § 841(a) (1) because the indictment does not allege, nor does the statute require that it be alleged, that the controlled substance was imported or distributed in interstate commerce or affected that commerce.

While not involving this statute, I find the reasoning of the Court in White v. United States, 399 F.2d 813 (8 Cir. 1968) to be persuasive. There, the Eighth Circuit sustained the regulation of drug traffic without a showing that the drugs involved had moved in inter-

state commerce. *White* found it permissible to regulate intrastate transactions which are so commingled with interstate commerce "that all must be regulated if the interstate commerce is to be effectively controlled" (a finding made by Congress in § 801(5) and (6) of Title 21). Citing United States v. Darby, 312 U.S. 100, 121, 61 S.Ct. 451, 85 L.Ed. 609 (1941). *Accord,* White v. U. S., 395 F. 2d 5 (1st Cir. 1968), cert. denied 393 U. S. 928, 89 S.Ct. 260, 21 L.Ed.2d 266 (1968).

United States v. Bass, 434 F.2d 1296 (2nd Cir. 1970), upon which defendant relies, was recently affirmed by the Supreme Court on different grounds than those relied upon by the Second Circuit. United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971). In footnote 4 of its opinion, the Court expressly refrained from deciding the question "whether, upon appropriate findings, Congress can constitutionally punish the 'mere possession' of firearms; thus, we need not consider the relevance, in that connection, of our recent decision in Perez v. United States, 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971)." United States v. Bass, *supra,* 92 S.Ct. at 518, n. 4. The Fifth Circuit has already reached the constitutional question in United States v. Donofrio, 450 F.2d 1054 (5th Cir. 1971), holding 18 U.S.C. App. § 1202(a), read as prohibiting "mere possession," constitutionally valid.

In Perez v. United States, 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971), the Supreme Court upheld the constitutionality under the commerce clause of Title II of the Consumer Credit Protection Act, 18 U.S.C. § 891 et seq. Relying, inter alia, upon the interpretation of that clause in Heart of Atlanta Motel v. United States, 379 U.S. 241, 85 S.Ct. 348, 13 L.Ed.2d 258 (1964), the Court approved Congress' findings that "[e]xtortionate credit transactions, though purely intrastate, may . . . affect interstate commerce." Perez v. United States, 402 U. S. at 154, 91 S.Ct. at 1361. I believe

that Congress' findings in the statute sub judice are sufficient, and that Congress had the power to enact 21 U.S.C. § 841(a) to control traffic in the enumerated controlled substances.

Accordingly, the motion to dismiss is denied.