**UNITED STATES of America**

v.

**James TURNER, a/k/a Brother Turner, Appellant.**

**No. 24914.**

United States Court of Appeals, District of Columbia Circuit.

Sept. 7, 1972.

---

Mr. S. White Rhyne, Jr., Washington, D. C. (appointed by this Court), was on the brief for appellant.

Messrs. Harold H. Titus, Jr., U. S. Atty., John A. Terry, Herbert B. Hoffman, and Robert Alan Jones, Asst. U. S. Attys., were on the brief for appellee.

Before BAZELON, Chief Judge, and McGOWAN and ROBB, Circuit Judges.

## ORDER

### PER CURIAM.

On consideration of appellant's renewed motion for release on bond pending appeal, and of the responsive pleadings filed with respect thereto, it is

Ordered by the Court, that appellants' aforesaid renewed motion is denied.

BAZELON, Chief Judge, dissenting:

This case is a sad episode in the evolving saga of judicial hostility to the plain mandate of the Bail Reform Act. Under the Act, a defendant is entitled to release pending appeal (albeit subject to conditions) unless: (1) no one or more conditions of release will reasonably assure that the person will not flee; (2)

no one or more conditions of release will reasonably assure that the person will not pose a danger to the community; or (3) the appeal appears to be frivolous or taken for delay. 18 U.S.C. § 3148 (1970). Appellant's request for relief does not suffer from any of these disqualifications.

(1) Appellant Turner is presently a "minimum custody" prisoner at the Lorton Correctional Center. As such he is permitted to leave the premises without escort. He has spent over 60 days on administrative leave without any suggestion of flight. On these furloughs appellant has engaged in home visits, participated in a program at the Meyer Elementary School to serve children with multiple handicaps, and participated in a community service training program sponsored by Federal City College.

Appellant is a veteran with a service connected disability and is considered 100% unemployable by the Veterans Administration. He receives nearly $500 per month in VA benefits in addition to free medical care. Appellant has in the past always met the conditions of release on bond imposed upon him. His wife as well as his two brothers and sister live in the District of Columbia. He owns a home in the District in which he lived prior to his incarceration.

Appellant's fine record on administrative furlough from Lorton, his disability with the resultant need for medical care, his disability benefits, and his substantial ties with the District make it unlikely in the extreme that "no one or more conditions of release will reasonably assure that [he] will not flee . . . ." 18 U.S.C. § 3148 (1970).

(2) In the past twenty years, appellant's criminal record reveals only two convictions in addition to the present one. In 1952 he was convicted of a narcotics violation similar to the one from which his appeal is now pending. In 1964 he was convicted of possessing number slips and maintaining gambling premises. Apparently based on these and his present conviction my brethren conclude

that "no one or more conditions of release will reasonably assure that [appellant] will not . . . pose a danger to any other person or to the community." 18 U.S.C. § 3148 (1970).

The facts belie that conclusion. As noted above, appellant has an unblemished record on his leaves from prison —leaves which are the equivalent of approximately seven weeks in the community. Indeed, while at large in the community to which he is supposed to be a danger appellant has endeavored to render beneficial service to others who, like himself, suffer from physical disabilities. Yet based on a twenty year old conviction and a minor gambling infraction my brethren conclude that it is impossible to formulate conditions of release that would reasonaby assure community safety. This approach strangles the statute and our case-law. *See, e. g.,* Banks v. United States, 134 U.S.App.D.C. 254, 414 F.2d 1150 (1969).

(3) The Government does not contend, nor could it, that the appeal is frivolous or taken for delay. The heart of the case against appellant was a voice identification in a single telephone call. The identifying witness conceded that she had been mistaken once before in identifying the defendant's voice on the telephone. There was no independent corroboration of the telephone identification. *Compare* Espinoza v. United States, 317 F.2d 275 (9th Cir. 1963). In addition, the identifying witness was a convicted thief and a narcotics addict whose habit was being supported by payments from the government. Whether or not these weaknesses in the testimony of the Government's key witness will ultimately require reversal, this issue is hardly frivolous. *See,* United States v. Kinnard, 150 U.S.App.D.C. 386, 465 F.2d 566 (1972).

Factors other than the absence of disqualifying features support release. Appellant is serving a five year sentence which, with good time allowances, may make him eligible for release after serving about four years. Turner, who was convicted on August 20, 1970, has thus served about half of his probable prison term without the benefit of a resolution of the merits of his appeal.

More important perhaps is the fact that the potential weakness in the case against appellant goes to his guilt or innocence. Without the rather weak telephone identification, there is no proof that appellant committed the crime for which he stands convicted. His appeal does not rest on any alleged technical law-enforcement blunder, but rather on a non-frivolous claim that appellant was not involved in the crime at all.

Because the reasons favoring release are overwhelming, it appears that the denial of bail rests on the district judge's statement that "the narcotics involved was unusually pure in quality . . . of the type usually possessed by a dealer before being cut for distribution to users. . . ." There is grave danger that characterization of one as a "pusher" activates a knee-jerk response that blocks reasoned analysis and denies bail to some who under Congress' standards, are entitled to release.

I would grant the motion.