**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Louie Franklin WOOD, Defendant-Appellant.**

**No. 74-1554**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Sept. 19, 1974.

---

\* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

William L. Auld, Atlanta, Ga. (Court-appointed), for defendant-appellant.

John W. Stokes, U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

Appellant here seeks reversal of his conviction under an indictment charging him with violation of the Dyer Act.[1] He alleges numerous errors in the trial below, but we believe only two merit brief discussion.

▪ Appellant first argues that the trial court erred in refusing to suppress certain testimony concerning evidence allegedly obtained in violation of his Fourth Amendment rights. In early March 1971 a White Freight Lines truck tractor was stolen from a lot in Alabama. On April 10, 1972 witness Moeller, a Los Angeles police officer with over ten years experience investigating heavy equipment thefts, became suspicious of a "ratty"-appearing truck parked at a truck stop in Lynwood, California notorious as a "haven . . . for stolen heavy tractor trailor equipment." Together with an assistant, he investigated the vehicle and obtained its engine, transmission, and license numbers. A later check revealed that the chassis of the truck under investigation came from the vehicle stolen in Alabama and that appellant claimed to be its owner. At his trial appellant moved to suppress all testimony concerning this investigation of the truck's identification numbers, arguing that the procedure used by Moeller constituted an unreasonable search forbidden by the Fourth Amendment. After the required hearing, the trial judge denied the motion.

In a line of cases following United States v. Johnson, 413 F.2d 1396 (1969), aff'd en banc, 431 F.2d 441 (5th Cir. 1970), this Court has upheld the validity of

> inspections of motor vehicles performed by police officers, who were entitled to be on the property where the vehicle was located, which in no way damaged the vehicles and were limited to determining the correct identification numbers thereof . . . .

431 F.2d at 441. Appellant attempts to distinguish these authorities by urging that in this case it was necessary for the officer to remove grease or dirt from parts of the truck in order to read the identification numbers. Although there

---

1. Appellant was convicted on a count charging violation of 18 U.S.C. § 2313, which provides:

> Whoever receives, conceals, stores, barters, sells, or disposes of any motor vehicle or aircraft, moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

The jury acquitted appellant on a count charging violation of 18 U.S.C. § 2312.

is evidence supporting the government's position that no grease or dirt was in fact removed, the evidentiary conflict is immaterial. In United States v. Polk, 433 F.2d 644 (5th Cir. 1970), we applied the *Johnson* doctrine even though the inspecting officer had opened the unlocked door of a car to obtain the vehicle inspection number. Assuming *arguendo* that the officer in this case did remove grease or dirt in order to view the numbers, we can find no basis for distinguishing this action from the actions found permissible in *Polk*. Hence, we reject appellant's first contention.

■■ Appellant also objects to the trial judge's handling of the recent possession doctrine. Because no objection was raised during the trial, to the extent these complaints relate to the content of the charge we may review only for "plain error." Fed.R.Crim.P. 30, 52(b). We find no such error here. Relying on United States v. Hale, 410 F.2d 147 (5th Cir.), cert. denied, 396 U.S. 902, 90 S.Ct. 216, 24 L.Ed.2d 179 (1969), appellant argues that the trial judge erred in failing to find as a matter of law that appellant's possession of the stolen truck was not "recent." The Court in *Hale* explained the applicable law:

> What constitutes *recent* possession is not capable of exact or precise definition; it varies with the circumstances of each case and, for these reasons, it is often said that the question is one of fact for the jury. We agree with these principles. However, it is incumbent upon the trial court to determine whether there exists sufficient evidence to support a finding of recentness by the jury. . . . There is a certain period after which . . . an inference of *guilty knowledge* cannot be rationally inferred from unexplained possession. Whether this period has expired is a

question for the trial court to determine before giving the case to the jury.

410 F.2d at 151 (footnotes omitted). Although the government's proof established appellant's possession of the truck only at a time some thirteen months after the theft, appellant testified that he took possession on a date within six months of the truck's disappearance. This six month period has been found sufficient in similar cases.[2] Taking into account all the circumstances of the case, we find ample support for the trial judge's decision allowing the jury to infer guilty knowledge from appellant's unexplained possession of the truck.[3]

After careful consideration, we find appellant's remaining contentions to be without merit. Accordingly, the judgment is affirmed.

■

---

2. *See* United States v. Hale, *supra* (six months) ; United States v. Martinez, 466 F. 2d 679, 688 (5th Cir. 1972) (eleven months). *See also* cases cited in *Hale*, 410 F.2d at 151 n. 15. We express no opinion on whether possession thirteen months after a theft might be, as a matter of law, not "recent"

for purposes of the recent possession doctrine.

3. The judge's charge included the usual language instructing the jury that the longer the period of time since the theft, the more doubtful is the inference that may reasonably be drawn from possession.