James Richard BLASSINGAME,
Petitioner-Appellant,

v.

W. J. ESTELLE, Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 74–2893
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 20, 1975.
Rehearing and Rehearing En Banc
Denied April 9, 1975.

James R. Blassingame, pro se.

John L. Hill, Atty. Gen., Joe B. Dibrell, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

Hearings were held during Blassingame's trial—with the jury excused—to ascertain the suggestiveness *vel non* of pretrial identifications made by the two eyewitnesses produced at trial. The

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

evidence adduced during those hearings adequately supports the District Court's upholding the Texas trial court's determination the witnesses' "identification testimony was grounded on [their] independent recollection" of the incident alleged in the indictment. United States v. Allen, 5 Cir., 1974, 497 F.2d 160, 163.

■ Assuming, without deciding,[1] the prosecutor's closing argument was improper, the District Court's denial of appellant's application was correct because the trial court sustained defense objections to the argument. No curative instructions were given, but none were proposed or asked for. The judge's sustaining the objections adequately protects Blassingame's constitutional rights—at least where he failed to seek any curative instructions. See Henry v. Mississippi, 1965, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408, and Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

■ Finally, appellant alleges police officers who testified they seized gloves[2] from appellant's car perjured themselves in order to "cover up" an illegal search. His further allegation the prosecutor and trial judge knew of the perjury and acquiesced in it raised constitutional issues concerning which no factual hearing has been held in either the state or federal court.

The only perjury alleged has to do with details concerning witnesses' description of the suspect, and how each of the officers learned of it. But we hold the seizure of the gloves did not follow a "search", because the gloves were in plain view on appellant's car seat. The car was parked in a lot adjacent to a tavern and there is no question the officers were lawfully on that lot. The alleged perjury was therefore irrelevant. See Thompson v. Stynchcombe, 5 Cir., 1974, 494 F.2d 48.

Affirmed.

1. At the time of the defense objection, the prosecutor did contend his argument was based on reasonable inferences from the record.

2. The officers also testified a coat was discovered, but it was not introduced into evidence. In any event, our upholding the seizure of the gloves also disposes of any issues the coat might present.