**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Benjamin Franklin SHERRIFF, Harles Junior Fyffe, a/k/a Joe Fyffe, Randall Guy Brady and Albert Mason, Defendants-Appellants.**

**No. 76–1904.**

United States Court of Appeals,
Fifth Circuit.

Jan. 26, 1977.

Rehearing and Rehearing En Banc Denied
March 4, 1977.

J. Richard Young (Court-appointed), Atlanta, Ga., for Sherriff.

Marvin S. Arrington (Court-appointed), Joseph M. Winter, Atlanta, Ga., for Fyffe.

J. Hue Henry, Athens, Ga., P. Bruce Kirwan, Federal Public Defender, Atlanta, Ga., for Brady.

Ralph Washington, Asst. Federal Public Defender, Charles R. Smith, Atlanta, Ga., for Mason.

John W. Stokes, U.S. Atty., Jerome J. Froelich, Jr., Anthony M. Arnold, Asst. U.S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before AINSWORTH and RONEY, Circuit Judges, and ALLGOOD,* District Judge.

AINSWORTH, Circuit Judge:

Appellants Sherriff, Fyffe, Brady and Mason were indicted for conspiracy to violate the Dyer Act, pertaining to interstate theft of motor vehicles, in violation of 18 U.S.C. § 371, and for a number of substantive violations of the Act, pursuant to 18 U.S.C. §§ 2312, 2313. They were each convicted by a jury under various counts of a 35-count indictment. We dispose of appellants' jury-selection challenge under the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861 *et seq.* by incorporating herein the reasoning of our opinion in *United States v. Davis,* 5 Cir., 1977, 546 F.2d 583, in which we today have rejected the same contention. Appellants raise several other issues which we also find to be without merit, and we therefore affirm.

■ Appellant Fyffe first specifies as error the trial court's refusal to grant certain requests in his motion, pursuant to Fed.R.Crim.P. 7(f), for a bill of particulars. Fyffe sought "[t]he exact location, including the street address, of the alleged illegal sale, receipt, transportation, and concealment of automobiles charged in all counts of the indictment." He claimed that he needed the information to prepare his defense. The decision whether to grant a motion for a bill of particulars is within the sound discretion of the trial court, and will not be disturbed on appeal absent a showing of prejudice or a clear abuse of discretion. *United States v. Tucker,* 5 Cir., 1976, 526 F.2d 279, *cert. denied,* 425 U.S. 958, 96 S.Ct. 1738, 48 L.Ed.2d 203; *United States v. Baggett,* 5 Cir., 1972, 455 F.2d 476; *United States v. Bearden,* 5 Cir., 1970, 423 F.2d 805, *cert. denied,* 400 U.S. 836, 91 S.Ct. 73, 27 L.Ed.2d 68; *Downing v. United States,* 5 Cir., 1965, 348 F.2d 594, *cert. denied,* 382 U.S. 901, 86 S.Ct. 235, 15 L.Ed.2d 155. The function of such a bill is to inform the defendant of the charge against him with enough precision that he can prepare his defense, and to avoid or at least minimize surprise at trial. *Bearden, supra,* 423 F.2d at 809; *see Downing, supra,* 348 F.2d at 599. The purpose is not to provide detailed disclosure before trial of the Government's evidence. *United States v. Anderson,* 4 Cir., 1973, 481 F.2d 685, 690, *affirmed,* 417 U.S. 211, 94 S.Ct. 2253, 41 L.Ed.2d 20 (1974); *Downing, supra,* 348 F.2d at 599. Appellant's request went beyond the information necessary to enable him to prepare for trial and to avoid surprise. The indictment adequately informed Fyffe of the charges against him. Thus, we find that the denial of appellant's motion was neither prejudicial nor was it an abuse of the trial court's discretion. Therefore, this contention is without merit.

■ Appellant Brady complains of the trial court's ruling that he lacked standing to challenge the admission of certain evidence seized in the motel room registered to a co-conspirator, Dye.[1] Brady was arrested, along with Dye and two others, in the act of stealing an automobile on the night before the seizure. At the jail, a detective found a receipt for a motel room in a wallet which the arresting officers had taken from Dye. The detective went to the motel to check further and, when he asked the innkeeper whether anyone was in the room, the latter said, "I don't know. Go up and see." The detective went up and found the door open and a maid inside the room. From the door, he could see that lying on the bed was an open briefcase, inside of which were a keymaking machine, blank keys, and a number of other keys; he also saw part of a towel rack, later identified as part of the towel rack found at the scene of the attempted auto theft, lying on the bed. The trial court denied Brady's motion to suppress the evidence seized in the motel room on the ground that he lacked standing. The "plain view" doctrine plainly validates the admission of the evidence, *see, e.g., Ker v. California,* 374 U.S. 23, 83 S.Ct.

---

* Senior Judge for the Northern District of Alabama, sitting by designation.

1. Dye was a fugitive at the time of appellants' trial.

1623, 10 L.Ed.2d 726 (1963); *Blassingame v. Estelle,* 5 Cir., 1975, 508 F.2d 668; *Davis v. United States,* 5 Cir., 1969, 409 F.2d 1095,[2] and since Brady cannot prevail on the merits of this issue, we need not determine whether he has established his standing to contest the seizure. *United States v. Turk,* 5 Cir., 1976, 526 F.2d 654, 670 (Dyer, J., specially concurring), *cert. denied,* —— U.S. ——, 97 S.Ct. 74, 50 L.Ed.2d 84; *United States v. Ross,* 5 Cir., 1975, 511 F.2d 757, 765 n. 12, *cert. denied,* 423 U.S. 836, 96 S.Ct. 62, 46 L.Ed.2d 54; *United States v. Miller,* 5 Cir., 1974, 491 F.2d 638, 650 n. 21, *cert. denied,* 419 U.S. 970, 95 S.Ct. 236, 42 L.Ed.2d 186. *Contra, Turk, supra,* 526 F.2d at 659–60 n. 6 (Goldberg, J.).

Next, appellant Sherriff alleges a fourth amendment violation in the manner in which two automobiles were seized in the parking area beside his mobile home. The pertinent facts are as follows. An FBI agent received information from a previously reliable informant that Sherriff was concealing stolen automobiles beside his home, a rented trailer which was located in a trailer park. From the street, the agent and a police detective observed through binoculars that the door locks on both automobiles in question appeared to have been tampered with. The detective advised the FBI agent that this was a common modus operandi of professional car thieves. The officers then obtained a state warrant, later declared by a federal magistrate to be invalid, to search the Sherriff trailer and the two cars adjacent to it. The agent, intending to speak to appellant before executing the warrant, went up to the trailer but received no response. While returning on foot to his car, he passed the two stolen vehicles and wrote down their vehicle identification numbers, which were in plain view. According to the court, "the area in which the automobiles were parked was open to the public." Upon checking the numbers and thus confirming that the cars were, in fact, stolen, the agent had them seized.

Appellant objects to the magistrate's finding, adopted by the trial court, as to the public nature of the area where the cars were parked, and to the court's finding that the agent passed the vehicles on his way back to his own car. Based on those findings, the court held that nothing in the agent's conduct amounted to a search within the meaning of the fourth amendment. We perceive no error in the ruling of the trial court, which affirmed the magistrate's recommendation to deny Sherriff's motion to suppress.

■ Under the circumstances of this case, the agent had a right to enter the property upon which the automobiles were located. *See, e.g., United States v. Knight,* 5 Cir., 1971, 451 F.2d 275, *cert. denied,* 405 U.S. 965, 92 S.Ct. 1171, 31 L.Ed.2d 240. The inspection of the vehicle identification numbers was therefore not a search. *See United States v. Johnson,* 5 Cir., 1970, 431 F.2d 441 (per curiam) (en banc); *cf. United States v. Wood,* 5 Cir., 1974, 500 F.2d 681; *United States v. Lowery,* 5 Cir., 1970, 436 F.2d 1171; *United States v. Polk,* 5 Cir., 1970, 433 F.2d 644. The area involved was a "public place" for purposes of fourth amendment analysis, *see, e.g., United States v. Santana,* 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976), *i.e.,* appellant could have no reasonable expectation of privacy thereon. *See id.* And, even if the area was private, inspection of the vehicle identification numbers was authorized under the "plain view" doctrine since the agent had a right to be on the property. *See, e.g., Knight, supra; cf. Blassingame v. Estelle, supra,* Once he had seen the numbers in plain view and confirmed that the cars were stolen, the agent was authorized to impound the vehicles. *Harris v. United States,* 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); *Knight, supra.* Accordingly, we find no merit to this contention.

■ Appellant Sherriff also complains of improper prosecutorial comment during the Government's rebuttal argument. Sheriff's

---

**2.** *But see United States v. Griffith,* 7 Cir., 1976, 537 F.2d 900 (contents of sack on motel bed not subject to plain-view seizure since inspection was not inadvertent).

counsel argued in his closing argument that certain potential witnesses mentioned in other testimony had not been called by the Government because they would not have corroborated the testimony of government witnesses. The prosecutor in his rebuttal argument commented that the defense could have called those witnesses just as easily as the Government could have. At this point, Sherriff's counsel objected on the ground that the prosecutor's argument attempted to shift the burden of proof to the defendant. After the trial judge then said the jury would be instructed that the defendant had no burden to call any witnesses, the prosecutor, resuming his argument, stated: "He doesn't have to bring them in, ladies and gentlemen, I agree, but he has the same power to bring them in as I have. Where were they? Where was the mysterious Rick Wheeler?" Appellant now attacks these last remarks by the Government. Because the prosecutor's comments were in reply to defense arguments and were not unfairly prejudicial to the defendant, they were not improper. *See United States v. Henley,* 5 Cir., 1974, 502 F.2d 585; *Montford v. United States,* 5 Cir., 1959, 272 F.2d 395, *cert. denied,* 361 U.S. 962, 80 S.Ct. 591, 4 L.Ed.2d 543 (1960).[3] Furthermore, even assuming that the prosecutor's remarks were improper, any error was cured by the court's repeated instructions to the jury that the defendant had no burden to produce any evidence or to call any witnesses. *See United States v. Cawley,* 5 Cir., 1973, 481 F.2d 702, 710–11.

■■■ Finally, appellants Mason and Sherriff attack the trial judge's charge to the jury in the instant case. The challenged portion of the court's instructions reads as follows:

The word "conceal" may mean legally not only to hide or to keep from sight and view an entire vehicle, but in its broadest terms means anything done by a person to prevent discovery and identification of an automobile, such as, for example, changing a license plate, changing the motor number, and things of that nature.

Appellants maintain that the inclusion of the example of "changing a license plate" overemphasized a principal contention of the Government—indeed, the only contention of the Government as to appellants' method of concealment—and thus served as a comment on the evidence, signalling to the jury the court's apparent belief in appellants' guilt. Appellants' assertion ignores the fact, however, that the instruction mentioned two methods of concealment, rather than one, which fact suggests that the judge was offering illustrations as opposed to comments upon the evidence. Appellants place considerable reliance upon *United States v. Fischer,* 5 Cir., 1976, 531 F.2d 783, yet that case does not bolster their argument. In *Fischer* this court held to be reversible error a charge which clearly indicated that the judge thought the defense witnesses were lying. Those witnesses' credibility was the central issue in the case, and the judge had refused to give a cautionary charge about his comment, as requested by defense counsel. In the instant case, the judge did tell the jury in his instructions that his rulings and statements during trial were not intended to suggest what the verdicts ought to be. Furthermore, the vice addressed by the *Fischer* court was the trial court's "giving [of] an unfair or one-sided impression," 531 F.2d at 786—a situation we do not herein confront. We must examine the challenged portion of the instructions in light of the whole charge, recognizing that "isolated statements which appear prejudicial when taken out of context may be innocuous when viewed in light of the entire trial." *United States v. McCoy,* 5 Cir., 1976, 539 F.2d 1050, 1063; *United States v. Musgrave,* 5 Cir., 1973, 483 F.2d 327, 335, *cert. denied,* 414

---

**3.** Appellant's argument that the witnesses in question were peculiarly available to the Government, and his heavy reliance upon *McClanahan v. United States,* 5 Cir., 1956, 230 F.2d 919, *cert. denied,* 352 U.S. 824, 77 S.Ct. 33, 1 L.Ed.2d 47, are both inapposite since the issue herein concerns the propriety of the Government's comments, not those of the defense. Furthermore, the *Montford* court explicitly held that *McClanahan* was not in conflict. 272 F.2d at 395.

U.S. 1023, 94 S.Ct. 447, 38 L.Ed.2d 315. Such an examination does not reveal reversible error in the instant case.

AFFIRMED.