McMILLAN, Judge.
From a conviction of obscuring the identity of a motor vehicle in violation of § 13A-8-22 and a sentence of 30 years as a habitual felony offender, this appeal follows.
Appellant argues that the trial court erred when it failed to grant the motion to suppress filed by the defendant alleging that the search of the vehicle was improperly made. Appellant argues that § 32-8-8, Code of Alabama (1975), does not allow warrantless “administrative searches” of automobile businesses in the state of Alabama. For the reasons outlined below, we are of the opinion that the search was proper and thus that the evidence was admissible.
On July 7, 1981, Casper Miles reported that his truck had been stolen from his business in Jefferson County, Alabama. Due to the unusual nature and design of this particular truck, and its value to its owner, Miles ran a newspaper advertisement in an attempt to locate the stolen vehicle. As a result of this advertisement, Miles was contacted by an officer with the Alabama Department of Public Safety who thought that he had recognized the vehicle in Eutaw, Greene County, Alabama.
Miles went to Eutaw, Alabama, and identified the bed of his truck in the appellant’s front yard and the remainder of the truck in front of the appellant’s garage. At that time, Miles was able to make a positive identification of his vehicle, since there were certain marks which were unique to this custom-built truck. These marks included a crack in the windshield; a worn place in the upholstery, and a cigarette hole on the driver’s side of the seat in the cab of the truck. Since Miles was in the automobile business himself, he had custom-designed this particular truck and was very familiar with the identifying marks of the truck.
Based on this positive identification, Corporal Duck, as well as a police officer with the Eutaw Police Department, went to Cotton’s garage. Although the record is clear that the appellant did not give permission for this officer’s presence or inspection, the activity took place shortly after noon on Tuesday, August 25,1981. Additionally, at the time of the inspection, Nathaniel Gray, one of the employees of the garage, was present; and Cleophus Cotton, one of the co-owners of the garage may have also been present. The vehicle was in the parking lot of the garage near the street at the time the inspection took place. In addition to examining the vehicle identification number, Corporal Duck testified that he made a complete inspection of the vehicle to determine the presence of the “confidential numbers.” In this case, there was a smooth place where the confidential number should be, as if it had been sanded off. Although Corporal Duck could not recall whether the keys were in the ignition at the time the inspection took place, there was no evidence presented that the vehicle was locked. Additionally, there was nothing in the record to indicate that any damage was done to the vehicle or the evidence.
Based upon this information, the appellant was arrested and the vehicle was impounded for inspection. As a part of the State’s case, Edward Davis testified that the appellant and his brother, Cleophus Cotton, along with Nathaniel Gray, disassembled the stolen vehicle in his front yard *469 and towed away the parts by trailer. On appeal, appellant argues that the inspection was a warrantless “administrative search” and was thus improper.
In a case similar to the present factual situation, this court concluded that the failure to obtain a warrant prior to inspection of a vehicle for its V.I.N. (vehicle identification number) would not be improper. Wright v. State, 343 So.2d 795 (Ala.Cr.App.), cert. denied, 343 So.2d 801 (Ala.1977). In Wright, this court concluded that a warrantless search of a vehicle may be conducted where there is “probable cause” to believe that a “crime had been committed.” Id. at 798. The court went on to note that in addition, certain “exigent circumstances” exist under the “automobile exception” to the constitutional requirement that a warrant must be obtained prior to a search. Id. at 798. This “exigent circumstance” in the Wright case excused the officer’s failure to procure a warrant prior to making the V.I.N. inspection since it is the “ ‘inherent mobility of automobiles [which] creates circumstances of such exigency that, as a practical necessity, rigorous enforcement of the warrant requirement is impossible.’ ” (Citations omitted.) Id., at 799. Several federal court cases were also cited including the following Fifth Circuit case where the court upheld as valid:
“Inspections of motor vehicles performed by police officers, who were entitled to be on the property where the vehicle was located, which in no way damaged the vehicles and were limited to determining the correct identification numbers thereof ... [Citation omitted].” United States v. Wood, 500 F.2d 681, 682 (5th Cir.1974).
Based upon the above authority, it is apparent that, in the present case, not only did the officer conducting the investigation have probable cause to believe that a crime had been committed, but he also had positive identification by the owner of a stolen vehicle. Here, as in Wright, there existed the additional factor of “exigent circumstances” that the vehicle could be removed from “official grasp” so that the failure to obtain a warrant prior to inspection is not a fatal defect. Florida v. Meyers, 466 U.S. 380, 104 S.Ct. 1852, 80 L.Ed.2d 381 (1984). See California v. Carney, 471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406, U.S.L.W. 4521 (1985) (mobile home may be subject to the “automobile” exception). Here, the search took place during what would appear to be reasonable business hours (that is, shortly after noon on a Tuesday); there was no evidence of forced entry onto the premises or other intimidating action on the part of the authorities. In fact, the mere fact that the appellant did not give the authorities permission to inspect the vehicle would not preclude the possibility that the co-owner of the garage or the employee gave permission to the officials. Of course, if the inspection was consensual, then a warrant would not have been required.
For the reasons outlined above, it is apparent that the trial court correctly concluded that the evidence was admissible and denied the defendant’s motion to suppress. For this reason, the decision of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.